# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| ERICK GARCIA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 2:18-cv-00041-RLW |
| TODD A. RICHARDS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Erick Garcia for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Plaintiff has also filed two motions for appointment of counsel (Docket No. 4; Docket No. 5) and a "request to dismiss the claim" that the Court has interpreted as a motion to amend. (Docket No. 6). Having reviewed the motion to proceed in forma pauperis and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $15.17. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint on a Court-provided form.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire free, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-

month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed in forma pauperis, plaintiff submitted a certified inmate account statement. (Docket No. 3). The account statement shows an average monthly deposit of $75.86. The Court will therefore assess an initial partial filing fee of $15.17, which is 20 percent of plaintiff's average monthly deposit.

## The Complaint

Plaintiff is currently an inmate at Northeast Correctional Center in Bowling Green, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. He names as defendants Todd Richards, John Pope, Unknown Cook, and Unknown Penyugua. The defendants are sued in their individual capacities.

Plaintiff's complaint consists of a Court-provided form and a number of attached exhibits consisting of doctor's notes from various medical appointments.[1]

In his statement of claim, plaintiff alleges that during the course of his incarceration, he has been subjected to a "system of deliberate [indifference]." (Docket No. 1 at 4). Plaintiff's complaint relates to a chronic condition in his right shoulder. (Docket No. 1-1 at 2). He states that he has been misdiagnosed and has been allowed to endure pain while receiving treatment that medical staff knew was not helping.

---

[1] The Court will treat these exhibits as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

2

Plaintiff specifically alleges that Dr. Richards "disregarded the fact" that NSAID and steroid injections were ineffective. He further states that Dr. Richards, along with Dr. Pope, Dr. Cook, and Dr. Penyugua continued to provide treatment that they knew was ineffective. Plaintiff claims that this constitutes "cruel and unusual punishment" because the defendants knew about his "pain and did not provide care to address it." He states that he has suffered continued deterioration of his muscles, leading to years of constant pain and a "progressively worse injury."

Plaintiff seeks $75,000 in damages for the "irreparable" injury he has sustained to his shoulder, as well as $20,000 in punitive damages for his pain and suffering. (Docket No. 1 at 5). He also requests injunctive relief to allow him to have surgery to sufficiently address his injury.

**Discussion**

Plaintiff filed his complaint on June 8, 2018, asserting claims of deliberate indifference against four correctional center physicians. On September 26, 2018, plaintiff filed a letter with the Court requesting that his "claims be dismissed without prejudice." (Docket No. 6). Plaintiff gave two reasons for his request. First, he states that his claim was "improperly" filed, and that the "claim should be Garcia v. State." Second, he asserts that the person who helped him fill out his paperwork did so improperly. In his letter, plaintiff also requests legal assistance to help with his claim, and notes that his claim "is still the same for right shoulder."

The Court interprets this letter as a motion by plaintiff to amend his complaint. The Court will grant this motion and will direct the Clerk of Court to provide plaintiff with a prisoner civil rights form. The Court will further order plaintiff to file an amended complaint on the Court-provided form within thirty days of the date of this order. This will allow plaintiff to properly file his complaint in the manner he desires. In filing his amended complaint, plaintiff is directed to follow the instructions set forth below.

3

## A. Instructions for Filing of Amended Complaint

Plaintiff should type or neatly print the amended complaint. The amended complaint must be on the Court-provided prisoner civil rights form that will be provided to plaintiff. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff should select the claim(s) he wishes to pursue, and limit the factual allegations to only the defendant(s) who were actually involved. If plaintiff names more than one defendant, he must assert only claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may name one single defendant and bring as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant. In other words, for each particular defendant,

4

plaintiff must separately write the defendant's name and then, under that name, provide a short and plain statement of factual allegations against that defendant. The Court emphasizes that the "Statement of Claim" requires more than "legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on the Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### B. Plaintiff's Motions to Appoint Counsel

Plaintiff has filed two motions to appoint counsel. (Docket No. 4; Docket No. 5). "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim...and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant

5

factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $15.17 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motions to appoint counsel (Docket No. 4; Docket No. 5) are **DENIED at this time**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint (Docket No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide plaintiff with a copy of the Court's prisoner civil rights form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint **on the Court-provided form**, in accordance with the instructions set forth above, **within thirty (30) days from the date of this order.**

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.**

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915.

Dated this 15th day of October, 2018.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE