**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | | |
|---|---|---|
| ERICK GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00041-RLW |
| | ) | |
| TODD RICHARDS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on review of plaintiff Erick Garcia's amended complaint (Docket No. 9) pursuant to 28 U.S.C. § 1915. For the reasons discussed below, plaintiff will be directed to file a second amended complaint.

### **Background**

Plaintiff is currently incarcerated at the Northeast Correctional Center (NECC) in Bowling Green, Missouri. He filed his original complaint on June 8, 2018, naming Doctors Todd Richards, John Pope, Unknown Cook, and Unknown Penyugua as defendants. (Docket No. 1 at 1). Defendants Richards and Pope were on the medical staff at "Cameron Correctional." Defendant Pope was a physician at Capital Region Physicians. Finally, defendant Penyugua was on the medical staff at NECC.

In the original complaint, plaintiff alleged that during the course of his incarceration, he was subjected to a "system of deliberate [indifference]" with regard to a chronic condition in his right shoulder. (Docket No. 1 at 4; Docket No. 1-1 at 2). Plaintiff stated that he had been misdiagnosed and allowed to endure pain while receiving treatment that medical staff knew was not helping. (Docket No. 1 at 4).

Specifically, plaintiff alleged that Dr. Richards "disregarded the fact" that NSAID and steroid injections were ineffective. Furthermore, Dr. Richards, along with Dr. Pope, Dr. Cook, and Dr. Penyugua continued to provide treatment they knew was ineffective. Plaintiff asserted that this constituted "cruel and unusual punishment" because the defendants knew about his "pain and did not provide care to address it." As a result, he suffered continued deterioration of his muscles, leading to years of constant pain and a "progressively worse injury."

On September 26, 2018, plaintiff filed a document with the Court construed as a motion to amend. (Docket No. 6). In the motion, plaintiff stated that his claim was "improperly filed" and that the inmate helping him fill out paperwork did so improperly. The motion was granted and plaintiff was given thirty days to file an amended complaint on a Court-provided form. Plaintiff duly complied with this order and filed an amended complaint on November 13, 2018. (Docket No. 9).

## The Amended Complaint

Plaintiff's amended complaint names the Missouri Department of Corrections as the sole defendant. (Docket No. 9 at 1). He states that in 2013, he discovered that he had a spur and arthritis in his right shoulder. (Docket No. 9 at 5). This was revealed by an x-ray performed at South Central Correctional Center in Licking, Missouri. After the x-ray, plaintiff states that the pain became worse. He underwent a CT scan that showed he had a torn labrum. Plaintiff states that he has been filing health service requests for the past five years. He also states that his "doctors in D.O.C." have requested that he see an orthopedist, but such requests have been denied. Plaintiff claims that his pain has continued to worsen and he is experiencing decreased range of motion and muscle atrophy.

Plaintiff seeks $1,500 a day for pain and suffering until this matter is settled. (Docket No. 9 at 6). He is also requesting $250,000 in punitive damages, and corrective surgery on his right shoulder.

**Discussion**

In his amended complaint, plaintiff alleges that defendant Missouri Department of Corrections violated his Eight Amendment right to medical care by failing to properly treat his right shoulder.

The government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

Proving deliberate indifference requires a showing that a "medical provider knew of and disregarded a serious medical need." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

Plaintiff may be able to state a claim for deliberate indifference to his medical needs with regards to his shoulder injury. However, his amended complaint is deficient in several respects.

First, to the extent that plaintiff is seeking monetary damages from the Missouri Department of Corrections, he has failed to state a claim. "Section 1983 provides for an action

3

against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Furthermore, an agency exercising state power is also not a person subject to suit under § 1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991). The Missouri Department of Corrections is a state agency. As such, it is not a § 1983 "person" for purposes of a claim for money damages.

Even if the Missouri Department of Corrections was a § 1983 "person," plaintiff has still failed to assert a valid claim against it. In order to prevail on an official capacity claim, plaintiff must establish the governmental entity's liability for the alleged conduct at issue. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). To do that, plaintiff mush show that the violation of his constitutional rights resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *See Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Plaintiff has not supplied any facts referring to a policy, custom, or failure to train on the part of the Missouri Department of Corrections.

4

Finally, plaintiff's claims regarding his medical treatment are vague and conclusory. He states that he has submitted health service requests for five years, but does not clarify the nature of his requests. Likewise, he states that requests for him to see an orthopedist were denied, but does not identify who denied the requests, or allege why this denial constitutes deliberate indifference. Based on his allegations and the attached medical records, it is clear that plaintiff is receiving some treatment for his shoulder. Clearly, he disagrees with this treatment, but he has not adequately established that the treatment he has received constitutes deliberate indifference. In short, plaintiff is required to plead more than unsupported conclusions in order to state a claim. *See Wiles v. Capitol Indem. Corp.* 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations").

Because plaintiff is proceeding pro se, he will be allowed to amend his complaint a second time according to the instructions set forth below.

Plaintiff should type or neatly print his second amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to

5

a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant. The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff names more than one defendant, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Plaintiff is warned that the filing of his second amended complaint **completely replaces** the original complaint and the amended complaint. This means

that claims that are not re-alleged in the second amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file a second amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Plaintiff has also filed a motion to appoint counsel. (Docket No. 8). The motion will be denied at this time as plaintiff is being ordered to file a second amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to appoint counsel (Docket No. 8) is **DENIED at this time**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a copy of the Court's prisoner civil rights form.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint **on the Court-provided form**, in accordance with the instructions set forth above, **within thirty (30) days from the date of this order**.

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.**

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915.

Dated this 25th day of March, 2019.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

7