UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| ERICK GARCIA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:18-cv-00041-RLW |
|  | ) |  |
| TODD RICHARDS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Erick Garcia's second amended complaint pursuant to 28 U.S.C. § 1915. (Docket No. 14). For the reasons discussed below, the Court will dismiss plaintiff's second amended complaint without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is currently an inmate at the Northeast Correctional Center (NECC) in Bowling Green, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on June 8, 2018, naming Doctors Todd Richards, John Pope, Unknown Cook, and Unknown Penyugua as defendants. (Docket No. 1 at 1). According to plaintiff, defendants Richards and Pope were on the medical staff at "Cameron Correctional." Meanwhile, defendant Cook was a physician at Capital Region Physicians, and defendant Penyugua was on the medical staff at NECC.

In the original complaint, plaintiff alleged that during the course of his incarceration, he was subjected to a "system of deliberate [indifference]" with regard to a chronic condition in his right shoulder. (Docket No. 1 at 4; Docket No. 1-1 at 2). Plaintiff stated that he had been misdiagnosed and allowed to endure pain while receiving treatment that medical staff knew was not helping. (Docket No. 1 at 4).

On September 26, 2018, plaintiff filed a document with the Court construed as a motion to amend. (Docket No. 6). In the motion, plaintiff stated that his claim was "improperly filed" and that the inmate helping him fill out paperwork did so improperly. The motion was granted, and plaintiff was given thirty days to file an amended complaint on a Court-provided form. Plaintiff duly complied with this order and filed an amended complaint on November 13, 2018. (Docket No. 9).

The amended complaint named the Missouri Department of Corrections as the sole defendant. (Docket No. 9 at 1). Plaintiff alleged that in 2013, he discovered that he had a bone spur and arthritis in his right shoulder. (Docket No. 9 at 5). This was revealed by an x-ray performed at the South Central Correctional Center in Licking, Missouri. Plaintiff asserted that his pain became worse following the x-ray. He also stated that he underwent a CT scan that showed he had a torn labrum. He further claimed that he had been filing health service requests for five years, and that his "doctors in D.O.C." have requested that he see an orthopedist, but that such requests have been denied. Plaintiff stated that his pain has continued to worsen, and that he is experiencing decreased range of motion and muscle atrophy.

The Court ordered plaintiff to file a second amended complaint on March 25, 2019. (Docket No. 10). In the order, the Court noted that plaintiff's amended complaint was subject to dismissal for several reasons. First, to the extent that he was suing the Missouri Department of

Corrections for money damages, he had failed to state a claim, because a state was not a "person" under 42 U.S.C. § 1983. To the extent that plaintiff sought injunctive relief, the Court stated that plaintiff had failed to demonstrate that his constitutional rights were violated due to a Missouri Department of Corrections' policy, custom, or failure to train. Finally, the Court advised plaintiff that his claims regarding medical treatment were vague and conclusory and did not establish that the treatment he received constituted deliberate indifference.

Plaintiff was directed to file a second amended complaint within thirty days. The Court provided plaintiff instructions as to how to do so properly. Plaintiff complied by filing a second amended complaint on June 3, 2019. (Docket No. 14).

## The Second Amended Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. His second amended complaint names the following defendants: Missouri Department of Corrections (MODOC) Director Anne L. Precythe; Warden Chantay Godert; Corizon; Dr. Lauren Cook; Director Todd A. Richards; Unknown Persons; Unknown Medical Director; Nurse Dawn Wade; Director of Operations J. Cofield; Regional Medical Director T. Bredeman; and Unknown Superintendent. (Docket No. 14 at 1-2). Defendants are sued in both their official and individual capacities. (Docket No. 14 at 3-7).

In his "Statement of Claim," plaintiff alleges that he has had to endure right shoulder pain that has gotten progressively worse since 2013. (Docket No. 14 at 8). His symptoms include muscle spasms, loss of strength, limited use of his right hand, limited range of motion, muscle atrophy, numbness, swelling, and daily pain in his right shoulder, arm, and hand. Plaintiff asserts that his condition requires surgery, but that this recommendation was denied by an unknown person or persons. He also states that "a doctor" told him that nothing is wrong with his shoulder and

canceled an orthopedic appointment, despite an MRI, CT scan, and x-ray showing a labrum tear, spurs, and arthritis.

Plaintiff is seeking $1,500 a day in damages since his injury was discovered in 2013, and punitive damages in the amount of $750,000. (Docket No. 14 at 9). He also requests that surgery be ordered to correct or repair his right shoulder.

## Discussion

The Court has reviewed plaintiff's second amended complaint, as well as his original complaint, his amended complaint, and the exhibits attached to both the original and amended complaints.[1] Despite being given opportunities to amend, and being provided instructions to that end, plaintiff's second amended complaint is deficient. Therefore, for the reasons discussed below, the Court must dismiss the second amended complaint for failure to state a claim.

### A. Official Capacity Claims Against Missouri Department of Corrections Employees

Plaintiff has sued MODOC defendants Precythe and Godert in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is

---

[1] The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

5

actually a suit against the entity for which the official is an agent"). Thus, plaintiff's official capacity claims against MODOC employees Precythe and Godert are actually claims against the State of Missouri.

To the extent that plaintiff is seeking money damages from the State of Missouri, he has failed to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983").

To the extent that plaintiff is seeking prospective injunctive relief against the State of Missouri, he has still failed to assert a valid claim. In order to prevail on an official capacity claim, plaintiff must establish the governmental entity's liability for the alleged conduct at issue. *See Kelly*, 813 F.3d at 1075. To do that, plaintiff mush show that the violation of his constitutional rights resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *See Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Plaintiff has not supplied any facts referring to a policy, custom, or failure to train on the part of the State of Missouri.

For the reasons discussed above, plaintiff has failed to state an official capacity claim against the MODOC defendants.

## B. Claims Against Corizon and Corizon Employees

Plaintiff has sued Corizon, as well as Corizon employees Cook, Richards, Wade, Cofield, and Bredeman in their official capacities. A corporation such as Corizon, acting under color of state law, cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983").

Plaintiff's brief "Statement of Claim" contains no mention of a policy, custom, or official action on the part of Corizon that inflicted an actionable injury. There are also no facts from which a policy, custom, or official action might be inferred. Thus, plaintiff has not stated a claim against Corizon. As the official capacity claims against Corizon employees Cook, Richards, Wade, Cofield, and Bredeman are actually claims against Corizon, they likewise fail to state a claim.

## C. Individual Capacity Claims

Plaintiff has sued defendants Precythe, Godert, Cook, Richards, Wade, Cofield, Bredeman, and various unknown defendants in their individual capacities, alleging deliberate indifference to his medical needs. Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a

7

prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Here, plaintiff has not adequately stated a deliberate indifference claim. While he asserts that he has a medical need that requires treatment, he has not demonstrated that defendants disregarded that need. Rather, plaintiff's facts show that he has received ongoing treatment for his shoulder issue. This is borne out by a review of his attached medical records, which shows that

plaintiff has been seen by physicians for his shoulder condition, and that he has been provided medical care, including various injections, medication, and physical therapy.

The main thrust of plaintiff's second amended complaint is his allegation that he requires surgery, and that surgery has been recommended by a doctor in his medical records. Nevertheless, plaintiff claims he has not been approved for surgery. Even accepting this as true, this does not amount to an action "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." Instead, it serves only to establish that plaintiff disagrees with the course of medical treatment he has been provided. Deliberate indifference requires more than disagreement over treatment decisions, which is all that plaintiff has presented.

Moreover, plaintiff has failed to assert the responsibility of any of the named defendants for harming him. Liability in a § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Plaintiff makes no effort in his second amended complaint to allege facts that connect each of the individual defendants to his claim of deliberate indifference to his medical needs. Indeed, none of the defendants are named in the "Statement of Claim." As such, there is absolutely no

9

indication as to what each defendant did or did not do to violate his constitutional rights. While defendants Cook and Richards appear in the medical records, there is nothing in those records to demonstrate a constitutional violation. To the contrary, the records show that defendants Cook and Richards met with plaintiff and prescribed treatment for his shoulder.

When the Court ordered plaintiff to file a second amended complaint, it specifically advised him of the importance of establishing the responsibility of each separate defendant for harming him. The Court noted that plaintiff needed to provide the role of each named defendant in his case, in order that each individual defendant had notice of what he or she was accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Plaintiff has not complied with that directive.

For the reasons discussed above, plaintiff has failed to state an individual capacity claim against defendants Precythe, Godert, Cook, Richards, Wade, Cofield, Bredeman, Unknown Persons, Unknown Medical Director, and Unknown Superintendent.

## D. Motion for a Continuance

Plaintiff filed a motion for a continuance to allow him an extra thirty to sixty days in which to file his second amended complaint. (Docket No. 13). The Court will deny the motion as moot, as plaintiff filed his second amended complaint on June 3, 2019, and the Court accepted the filing as timely.

## E. Motions to Appoint Counsel

Plaintiff has filed two motions to appoint counsel. (Docket No. 15; Docket No. 16). The motions will be denied as moot as plaintiff's action is being dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

10

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for a continuance (Docket No. 13) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel (Docket No. 15; Docket No. 16) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's action is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of October, 2019.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE